E-FILED
Saturday, 10 September, 2022  12:46:13 PM
Clerk, U.S. District Court, ILCD

# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

MR. GLENN PAYTON, R-43829 .

              Plaintiff

        vs.

MRS. CHRISTINE N. BRANNON-DOTCH
MR. (OR) MRS. JOHN /JANE DOE#1
MR. RIIHL (SENIOR)
MR. John Doe
_____
_____
_____ .

           Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
*(The case number will be assigned by the clerk)*

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☒   42 U.S.C. §1983 (state, county or municipal defendants)

☐   Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐   Other federal law:  __N/A_____

☐   Unknown _____

_____

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name:  **MR.GLENN PAYTON**

Prison Identification Number:  **R-43829**

Current address: **Hill Correctional Center;PO Box 1700;Galesburg, Illinois,61402.**

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name:  **Mrs.Christine N. Brannon-Dotch**

Current Job Title:  **WARDEN(CHIEF ADMINISTRATIVE OFFICER)**

Current Work Address **Illinois Department Of Corrections,PO Box 1700 Galsburg,Illinois,61402.**

Defendant #2:

Full Name:  **John/Jane Doe #1**

Current Job Title:  **Assistant Warden Of Operation**

Current Work Address **Hill Correctional Center,PO Box 1000, Galseburg,Illinois,61402.**

Defendant #3:

Full Name: **MR.RUHL,(SENIOR/ELDER)**

Current Job Title: Correctional Officer, Sargeant.

Current Work Address: Hill Correctional Center,

P.O. Box 1700, Galesburg, IL 61402.

Defendant #4:

Full Name: Mr. John Doe

Current Job Title: Correctional Officer/R4 Control, 3-11p.

Current Work Address: Hill Correctional Center,

P.O. Box 1700, Galesburg, IL 61402.


### III.LITIGATION HISTORY

A.Plaintiff has not brought any other lawsuits in state or federal court dealing with the facts involved in this case.


B.Plaintiff has not brought any other lawsuits while inca--rcerated.

C. If your answer to B is yes, how many? **N/A** _ Describe the lawsuit(s) below.

    1. Name of Case, Court and Docket Number
        _____**N/A**_____

    2. Basic claim made _____**N/A**_____

    3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still

pending?) _____**N/A**_____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

    *Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion. such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes **XX** No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

    Yes **XX** No ☐

If your answer is no, explain why not ____**N/A**_____
_____

C. Is the grievance process completed? Yes **XX** No ☐

4

## V. STATEMENT OF CLAIM

Place(s) of the occurrence __Hill Correctional Center__

Date(s) of the occurrence __June 17, 2021__

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1) At all times relevant to this §1983 civil complaint, Mr. Glenn Payton ("PLAINTIFF") was /is an individual in custody at the Hill Correctional Center, ("HCC"). Plaintiff is assigned registered number #R-43829.

2) Plaintiff further states that, on or about 6-17-2021, he (Plaintiff) was the subject of an UNPROVOKED VICIOUS assault by another inmate, (see exhibits A thru D, and H thru h-3).

3) Plaintiff was exposed to said assault due to the hereinafter defendants reckless disregard for plaintiff safty and their knowingly inability to establish an environment in which SAFETY AND ORDER ARE THEIR PARAMOUNT CONCERN.

4) Plaintiff has exhausted all administrative remedies available to him prior to bringing this §1983 civil complaint within the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997 (e)(A). (The grievance's and prison officials response to said grievance's from all 3-level's of IDOC grievance process is hereto attach).

"THE LACK OF ADEQUATE SECURITY"

5) It is well documented that individuals in custody has "PICKED THE

LOCKS OF THEIR CELL DORRS" ("POPING-OUT") for more than 5-years now, (see:exhibits E,F,and G).

6)Individuals in custody pop-out their cells "UNAUTHORIZED" to use the phone,gamble,but not limited to,drinking home-made alcohol,

7)When individuals in custody pop-out their cells,this creates an unsafe dangerous unsecuried environment that defendants intentionally and deliberately disregard.

8)Plaintiff and his attacker was living in cell-house 4;wing-C (i.e.4-C), at the relevant time of the Plaintiff being assaulted by another inmate, (see:A,B,C,and D;hereto attached).

9)Correctional Sargeant Ruhl (Defendant) was the cell-house 4 Sargeant and had a duty to provide a safe and secure environment,(see:exhibit C-1)

10)Correctional Officer R.Little (BADGE #5466)(Defendant) was the 4-C deck officer and had a duty to provide the Plaintiff with a safe and secure environment inwhich to do his (Plaintiff) time,(see:exhibit A; the disciplinary report).

11)Cell-house 4-C was a wing where highly aggressive inmates are house and not so aggressive inmates are house,as well.

12)On the particular date,(6-17-2021) in question,the Plaintiff was standing by the laundry room,waiting to use the phone,and the Plaintiff attacker poped-out his cell unauthorized,and walked directly to the

Plaintiff and proceeded to hit the Plaintiff with a FAN MOTOR several times,(see:exhibits A-A2 and C1,and D,hereto attached).

## "DISCIPLINARY ACTION TAKEN"

13)As a result of said unprovoked assault,the Plaintiff was wrote a disciplinary report and prison officials,ADJUSTMENT COMMITTEE found the Plaintiff guilty of "FIGHTING,"(see exhibits C1 and C2,hereto attached).

14)The disciplinary action that the prison adjustment committee recommended was,1-month C-grade;and 7-days segregation,(see:exhibit C1).

15)On 7-6-2021,the prison Chief Administrative Officer approved said prison adjustment committee recommendation,(see:exhibitC2,Pg.2;hereto attached).

## "THE INJURIES THAT THE PLAINTIFF SUSTAINED"

16)Plaintiff adopts and reinterates paragraph's 1-15 as for this paragraph 16.

17)As a result of the "UNPROVOKED" VICIOUS ATTACH,Plaintiff was rushed to a OFF-SITE emergency room,(see:exhibits A-D1 and H-H3;hereto attached).

18)It was thereafter determined/diagnose that the Plaintiff suffered a "LEFT EYE AND NASAL FRACTURES,PROTUBERANT SWELLING TO FACIAL AREA,FIVE STITCHES TO THE LEFT EYE AND SEVEN STITCHES ABOVE THE RIGHT EYE,"(see: exhibits A1-D1,and H-H3).

STATEMENT OF CLAIM CONT.

19)As of the drafting of this §1983 civil complaint,the Plaintiff continue
to suffer,"SEVERE HEAD-ACHES,BRAIN FOGS,INABELITY TO CONSENTRATE,HOLD
FOCUS ON A PARTICULAR TASK,DIFFICULTY BREATHING,BLURRED VISION,COLD
NIGHTLY SWEATS,but not limited to,POST DRAMATIC STRESS DISORDER,and
DELUSIONAL EPISODES,"(see:exhibit H-H3 and I-I4;hereto attached).

20)The defendants possess full knowledge that the BREACH OF HILL
CORRECTIONAL CENTER SECURITY risk existed,but has failed to provide the
Plaintiff with a adequate safe environment,(see:exhibits E,F,and G;hereto
attached).

21)The defendants intentionally and recklessly turned a blind eye to the
unsafe dangerous living environment,(see exhibit A-I4).

22)The defendants had/has a professional and legal obligation to maintain
order and security within Hill Correctional Center.

## "THE PLAINTIFF MONELL CLAIM"

23)The Plaintiff adopt and reinterate paragraph's 1 thru 22 as for this
paragraph 23.

24)The unsafe environment whigh is the direct cause of the Plaintiff
unprovoked assault is so entrench in the every day life of prison that
it has become a custom and/or a unwritten policy that the foregoing
BREACH OF SECURITY CLAIM is condone,approved and prison officials has
turned a blind eye to such an essential part of maintaining security
and order within the Hill Correctional Center.

"DEFENDANT'S LIABILITY"

## "WARDEN CHRISTINE BRANNON"(DEFENDANT)

Defendant Brannon was the Chief Adminisrative Officer ("CAO") at the Hill Correctional Center ("HCC") at all times relevant to the foregoing civil action and constitutional violations herein.

As CAO,defendant Brannon had a professional as well as a legal obligation to ensure that plaintiff had a safe and secure environment.

Defendant Brannon knew that inmate's were (and continue) to "POP-OUT" their cell's and thereby BREACHING THE PRISON SECURITY.Defendant Brannon is in charge of the overall security at HCC.

As such,defendant Brannon possess the authority to put a stop to said breach of security and re-establish and impliment a safe and secure environment.

The breach of security that had/is a regular occurence that exposed the plaintiff to the assault,which led to the trauma that the plaintiff suffered on,but not limited to,6-17-2021,(see:exhibits A1-I4;hereto attached).

To date,plaintiff continue to suffer head-aches,blurry eye vision, cold sweats,but not limited to,PTSD.

Defendant Brannon was put on notice that the disciplinary action that she (Brannon) Approved from the adjustment Committee,was not a deterrant for inmates breacuing the HCC security.

Defendant Brannon intentionally and deliberately allowed the breach of security to continue without exercising her (Brannon) autority as CAO to remedy the problem that directly caused the plaintiff to be attack with a deadly object.Whereas,the plaintiff suffered serious long term physical and psychological trauma.

Although defendant Brannon is no longer CAO for the HCC the breaching of security that existed when the plaintiff was assaulted happened on her (Brannon) watch during the time that she (Brannon) was CAO.And the inmates poping-out has become so entrench in the every day prison operation,that

it has taken on the existence of an unwritten policy and/or custom,that the Supreme Court has articulated is a violation of the plaintiff constitutional rights.

Defendant Brannon should be deem liable for not exercising her (Brannon) authority to remedy a security breach that she (Brannon) knew created a unsafe environment which lead to the plaintiff substaining long-term physical and psychological trauma.

"DEFENDANT BRANNON IS BEING SUED IN HER INDIVIDUAL AND /or HER OFFICIAL CAPACITY."

"DEFENDANT JOHN/JANE DOE #1 LIABILITY"

Defendant John/Jane Doe #1 was the Warden Of Operations at Hill Correctional Center ("HCC") at the time of the plaintiff being assaulted.

Defendant John/Jane Doe #1 duties was,as an employee of the Illinois Department Of Corrections (IDOC) to maintain the "DAY-TO-DAY" secuirty and safety operations of HCC.

Defendant John/Jane Doe #1,possess full knowledge that inmates was POPING-OUT their cells ᵾNAUTHORIZED which was causing a direct breach of HCC and IDOC security.

Defendant John/Jane Doe#1  is to maintain the institutional security and preserving interal order and discipline are the essential goal's of the prison.

Defendant John/Jane Doe #1 deliberatety and intentionally allowed the breach of IDOC and HCC security to continue which exposed the plaintiff to a unsafe and unsecure environment that gave the plaintiff attacker access to savagely cause severe head trauma to the plaintiff.And said injuries has caused the plaintiff perminemt physical and psychological injuries, (see:exhibitsI-I4;hereto attached).

Defendant John/Jane Doe #1 had a professional and obligation to oversee the security of HCC and his/her failure to correct or be the cause that the breach of security is corrected,make defendant John/Jane Doe #1 personally liable for the plaintiff being assaulted.

Defendant John/Jane Doe #1 knew that writting disciplinary reports on inmates who poped-out of their cells unauthorized was not a deterrant and fail to impliment a policy or custom which would stop such a breach of IDOC/HCC security.Therefore,defendant John/Jane Doe #1 should be held liable for not directly and appropiately addressing the breach of secirity that caused the plaintiff to suffer permanent nasal and visual injuries.

Defendant John/Jane Doe #1 fail to use his/her authority to fix the breach of security,but noṭ limited to,establishing a policy that would

prevent the poping-out of cells,but instead,defendant John/Jane Doe #1
condone,approved,and turned a blind eye to the said breach of security and
is the direct cause that poping-out has become so entrenced in the everyday
prison operations that it has taken on the weight of an unwritten policy
and/or custom.

   DEFENDANT JOHN/JANE DOE #1 IS BEING SUEB IN HIS/HER INDIVIDUAL AND/OR
   OFFICIAL CAPACITY.

"DEFENDANT RUHL LIABILITY"

Correctional Sargeant Ruhl ("DEFENDANT") was the Sargeant of cell-house #4 and had a day-to-day duty to ensure the safety and security of the plaintiff environment.

Defendant Ruhl failure to adequately secure inmates in their cell exposed the plaintiff to a unsafe and unsecured environment which directly caused the plaintiff to be assaulted.

Defendant Ruhl knew that Hill Correctional Center has a security breach with inmates poping-out of their cell's unauthorized. And that the unauthorize poping-out was causing an unsafe environment and the breach of security is a violation of Illinois Department Of Corrections ("IDOC") rules and regulations.

As such,defendant Ruhl intentionally and deliberately allowed the breach of security to take place which led to the plaintiff being savagely attacked,unprovoked with a deadly weapon,A FAN MOTOR.

The attack which the plaintiff suffered left the plaintiff with multiple facial fractures and permanent nasal and visual injuries, (see:exhibits H-H3 and I-I4;hereto attached).

Defendant Ruhl condone,approved and turned a bline eye to the Hill Correctional Center breach of security.

Defendant Ruhl failed to exercise his authority as cell-house #4 sargeant to check and confirm that inmates cell-doors were properly secured which would have prevented the plaintiff attacker from poping-out of his cell.

"DEFENDANT RUHL IS BEING SUED IN HIS INDIVIDUAL AND/OR OFFICIAL CAPASITY."

"DEFENDANT SGT. RUHL LIABILITY"


On 6-17-21, Sgt. Ruhl ("DEFENDANT") was in charge of securing inmates in their cells on 4-C wing.

Defendant Ruhl failed to properly secure the plaintiff's attacker in his cell.

Defendant Ruhl was well aware that inmates "popping out" of their cells was/is a breach of Illinois Department of Corrections ("IDOC") security and that said breach was/is creating an unsafe environment.

Defendant Ruhl deliberately and intentionally disregarded the plaintiff's constitutional rights to a safe and secure environment.

Defendant Ruhl's conduct was reckless and was detrimental to the plaintiff and was the cause of plaintiff being savagely attacked with a deadly weapon (A FAN MOTOR) which has caused the plaintiff serious trauma and peranent injury to the plaintiff's nasal and eye sight (see exhibits H-H3 and I-14).

Defendant Ruhl's failure to do his job was a lack of preserving and maintaining order and safety on 4-C wing before the plaintiff was unprovokingly attacked.

"DEFENDANT RUHL IS BEING SUED IN HIS INDIVIDUAL AND/OR OFFICIAL CAPACITY"

## RELIEF REQUESTED

(State what relief you want from the court.)

WHEREFORE:Plaintiff prays that this court will grant the plaintiff
$2,500-Compensatory Damages and $50,000-Dollars in Punitive Damages
against each of the herein mentioned defendants; all attorney fee's
and court cost;and any other relief this court deems just and proper.

JURY DEMAND    Yes ☒    No ☐

Signed this _____ day of _8 - 5 - 22_ , 20____

(Signature of Plaintiff)

| Name of Plaintiff: MR.GLENN PAYTON | Inmate Identification Number: R-43829 |
|---|---|
| Address: Hill Correctional Center 600 Linwood,Rd.PO Box 1700 Galesburg,Illinois,61402. | Telephone Number: N/A |

OFFICIAL SEAL
ANDREW C STODOLKIEWICZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Nov. 02, 2025

8-5-2022