UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| GLENN PAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-4127 |
| | ) | |
| CHRISTINE BRANNON-DORTCH, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for failure to protect from harm. The matter comes before this Court for ruling on the Defendant Brannon-Dortch's and Little's Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 25). The motion is granted in part and denied in part.

### PRELIMINARY MATTERS

### Defendant Ruhl's Motion to Withdraw Affirmative Defense (Doc. 24)

Defendant Ruhl seeks to withdraw his previously asserted affirmative defense of failure to exhaust administrative remedies. The motion is granted.

### Plaintiff's Motion to Identify Doe Defendant (Doc. 29)

Plaintiff asks the Court to direct Defendants to identify the prison's warden of operations. Plaintiff must submit this request directly to defense counsel as part of a discovery request. Discovery requests are not sent to the Court, nor can the Court investigate on any party's behalf. Plaintiff's motion is denied.

**Defendants' Motion to Stay Discovery (Doc. 32)**

Defendants seek to stay discovery on the merits pending the Court's ruling on the motion for summary judgment on the issue of exhaustion of administrative remedies. Defendants' motion is denied as moot with the entry of this Order.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff filed this lawsuit on September 8, 2022, alleging an Eighth Amendment claim for failure to protect from harm. (Doc. 1, 10). Plaintiff alleged in his complaint that "[i]t is well-documented that individuals in custody have 'PICKED THE LOCKS OF THEIR CELL DOORS' ('POPPING OUT') for more than 5 years now." *Id.* at 5-6 (cleaned up). Plaintiff alleged that Defendant Little was the deck officer in the location where the alleged events occurred, *id.* at 6, ¶ 10, without further clarification as to this defendant's role. Plaintiff alleges

that Defendant Brannon's failure to remedy the cell lock issue in her capacity as warden contributed to the attack that caused his injuries. *Id.* at 10-11.

Plaintiff filed a grievance dated July 5, 2021, stating that another inmate who "wasn't permitted to be out of his cell, and was able to let himself out only after staff had believed they'd secured [him]," assaulted him with a part of a fan. (Doc. 25-2 at 3-4). Plaintiff also stated that he had not received adequate medical care for his resulting injuries. *Id.* The warden granted Plaintiff's request to expedite review of the grievance on an emergency basis on July 8, 2021. *Id.* at 3. The grievance officer recommended denial of the grievance on July 29, 2021, and the warden concurred the next day. *Id.* at 2. The Administrative Review Board denied Plaintiff's appeal on September 1, 2021. *Id.* at 1.

Plaintiff filed two grievances dated August 19, 2021, and August 22, 2021, respectively. (Doc. 25-3 at 4-7). The grievances arise from the attack at issue, and Plaintiff states that Defendant Little issued a disciplinary report following the incident. *Id.* at 7. The grievance officer recommended denial of the grievance on December 20, 2021, and the warden concurred on January 3, 2022. *Id.* at 2-3. The Administrative Review Board denied Plaintiff's appeal on March 22, 2022. *Id.* at 1. The other grievances disclosed in the record are not relevant to Plaintiff's claims.

## ANALYSIS

Failure to exhaust is an affirmative defense, and, therefore, defendants bear the burden of showing that a prisoner failed to exhaust all available remedies. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The PLRA does not define the process a prisoner must utilize; rather, "state law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018).

In Illinois, prisoners must first attempt to resolve their issues informally with prison staff, and, if unsuccessful, a prisoner may file a written grievance on a form provided by the prison. 20 Ill. Admin. Code § 504.810(a). The grievance must be filed "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance," unless the prisoner "can demonstrate that a grievance was not timely filed for good cause…." *Id.* § 504.810(a). A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer ("CAO"), who notifies the inmate of his decision. *Id.* § 504.830(d). An inmate may appeal the CAO's decision to the Director/Administrative Review Board, but he or she must do so within 30 days of the decision. *Id.* § 504.850(a). Once an appeal is received, the Administrative Review Board ("ARB") reviews the appeal and provides the Director with a written report of its findings and recommendations. *Id.* § 504.850(e).

An inmate may also submit a request for a grievance to be handled on an emergency basis by forwarding it directly to the CAO. *Id.* § 504.840. If determined to be a non-emergency, the CAO must notify the inmate that he or she may resubmit the grievance via the normal procedures. *Id.* 504.840(c).

The parties do not dispute that Plaintiff followed the necessary procedural steps to exhaust his administrative remedies prior to filing suit. The dispositive issue is whether Plaintiff complied with the section of the grievance rules that require him to include "factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20

Ill. Admin. Code § 504.810(c). A prisoner who does not know the identity of the responsible officials "must include as much descriptive information about the individual as possible." *Id.*

Plaintiff alleged in his complaint that Defendant Brannon-Dortch failed to remedy a systemic prison security issue in her capacity as warden, and that the failure resulted in the attack predicating his claims. Plaintiff's grievances do not state that other inmates had been able to get out of their cells on a regular basis or allege similar facts that would put prison officials on notice of a systemic and ongoing problem. Insofar as Plaintiff describes, the cell door issue was an incident isolated to his situation. Plaintiff's failure to identify in his grievances the nature and extent of the security problem he alleges Defendant Brannon-Dortch failed to rectify prevented officials from properly addressing the issue and any role she may have played. The Court finds that Plaintiff failed to exhaust his claims against Defendant Brannon-Dortch.

Plaintiff's grievances do not describe Defendant Little's role in the alleged events, except to say that this defendant issued a disciplinary report. Plaintiff's grievances nonetheless provide sufficient information regarding the attack and identify Defendant Little by name as a person involved. Plaintiff's grievances may not provide a full description of Defendant Little's involvement, but they provide sufficient information to comply with the Illinois prison grievance rules. The Court finds that Plaintiff exhausted his administrative remedies for his claims against Defendant Little.

**IT IS THEREFORE ORDERED:**

1) **Defendant Ruhl's Motion to Withdraw Affirmative Defense [24] is GRANTED.**
2) **Plaintiff's Motion [29] is DENIED.**
3) **Defendants' Motion to Stay [32] is DENIED.**

4) **Defendants' Motion for Summary Judgment [25] is GRANTED as to Defendant Brannon-Dortch and DENIED as to all other relief requested. Defendant Brannon-Dortch is dismissed without prejudice. Clerk is directed to terminate this defendant.**

Entered this 3rd day of November, 2023.

<i>s/Jonathan E. Hawley</i><br>
JONATHAN E. HAWLEY<br>
UNITED STATES MAGISTRATE JUDGE